PROB 12A
(Rev. 5/2011)

# United States District Court
for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Christopher Nichols</u>　　　　　　　　　　Case Number: <u>3:10-00262-03</u>

Name of Sentencing Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>September 10, 2012</u>

Original Offense: <u>Armed Bank Robbery, 18 U.S.C § 2113(d)</u>

Original Sentence: <u>Time Served, 60 months' supervised release</u>

Type of Supervision: <u>Supervised Release</u>　　　　Date Supervision Commenced: <u>September 10, 2012</u>

Assistant U.S. Attorney: <u>Phil Wehby</u>　　　　　　Defense Attorney: <u>Jay Steed</u>

---

The Court orders:

☒ No Action Necessary at this Time
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

Considered this 2nd day of Oct., 2013,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the
foregoing is true and correct.
Respectfully submitted,

_____
Lisa L. House
U.S. Probation Officer

Place　　Clarksville, TN

Date　　September 30, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the probation officer.** |

Christopher Nichols failed to submit to random urine screens November 19, 2012, November 28, 2012, December 26, 2012, February 6, 2013, and February 19, 2013.

### Compliance with Supervision Conditions and Prior Interventions:

Christopher Nichols commenced the term of supervised release on September 10, 2012. This officer received Mr. Nichol's case in February 2013. As a special condition of supervision, he was ordered to reside in a halfway house for 12 months. He was also ordered to pay $8,263 restitution. An order was signed by the Court on July 17, 2013, removing the condition requiring Mr. Nichols to reside in a halfway house for the remainder of the twelve-month period and directing the probation office to initiate transfer of supervision to Flintstone, Georgia. Mr. Nichols relocated to the home of his mother located in Flintstone, Georgia, on July 27, 2013. As previously indicated, Mr. Nichols failed to submit random urine screens on November 19, 2012, November 28, 2012, December 26, 2012, February 6, 2013, and February 19, 2013. Mr. Nichols is currently unemployed and owes $7,698 restitution. A transfer of supervision request has been submitted, and the Northern District of Georgia is providing courtesy supervision pending final decision regarding transfer of supervision.

### U.S. Probation Officer Recommendation:

The U.S. Probation Office is not requesting that any action be taken at this time. Should the defendant fail to submit to any additional urine screens, the Court will be notified in a separate petition with a separate recommendation.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer